IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| JOSE ELIAS SIERRA, JR. | § | CASE NUMBER:   15-70603 |
| NORMA SIERRA | § | |
| | § | CHAPTER 13 |
| | § | |

## MEMORANDUM OF LAW SECTION REGARDING § 1322 (b) (2)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JOSE ELIAS SIERRA, JR., and NORMA SIERRA, hereinafter called Debtor, whether one or more, and files this Memorandum of Law regarding § 1322 (b)(2) of the United States Bankruptcy Code and states the following:

1. On October 30, 2015, Villa Donna Development Corp. accelerated its promissory note dated March 28, 2007, executed by Norma A. Gonzalez, in the original principal sum of $14,000.00, which note was payable to the order of Villa Donna Development Corp. Thereafter, on November 29, 2015, JOSE ELIAS SIERRA, JR., and NORMA A. GONZALEZ filed their Chapter 13 voluntary petition. The creditor's claim is in the total amount of $14,220.65 which can be paid within the life of the five year plan inasmuch that it is a short term note. The note matures on April 1, 2022 and Debtor should complete its plan on November 29, 2020. The terms of the promissory note are as follows:

> Principal and interest are payable in monthly installments of TWO HUNDRED FIFTEEN AND 46/100THS DOLLARS ($215.46) EACH, applied first to interest and balance to principal, with the first payment **due on or before** the 1st day of every month, beginning May 1, 2007, and continuing consecutively until April 1, 2022 when the entire unpaid balance of principal and interest shall become due and payable. Past due principal and interest shall bear interest at the maximum nonusurious rate allowed by law in the state of Texas.

A copy of the note is attached hereto.

2. Simply stated, Section 1322(b)(2) prohibits modification of claims secured solely by a debtor's principal residence. The rationale, as explained in numerous cases, is Congresses' intent of encouraging flow of capital into the home lending market by reducing the mortgagee's risk.  . *Litton*

*Loan Servicing, LP v. Beamon,* N.D.N.Y. 2003, 298 B.R. 508. *In re DeMaggio*, Bkrtcy.D.N.H. 1994, 175 B.R. 144.   If a thirty year loan can be modified by the courts, there is an obvious reluctance to finance homestead sales by lenders. The section is intended to protect home mortgage lenders rather than home owners.   *In re Hall,* Bkrtcy S.S. Ind. 1990, 117 B.R. 425.

3. But that is not the only intent of the statute, however.   As stated in *In re Fountain*, this antimodification provision of Chapter 13 is also to "protect the rights which are bargained for between mortgagor and mortgagee, as reflected in relevant mortgage instruments enforceable under state law. *In re Fountain,* Bkrtcy.D.N.H.1996, 197 B.R. 748.   The note signed by Debtors allowed them to pay the note "on or before" a certain date.  If nonbankruptcy law gives the Debtor prepayment rights, would it have a cause of action in state law against the creditor if the Lender refused to recognize this right?  In this case, the Debtor, through its plan has chosen to pay the entire amount of his obligation within the five years of the plan and prior to the maturity date of the note.  The landmark case regarding section 1322 (b)(2) is *Nobleman v. American Sav. Bank*, 508 U.S. 324, a Supreme Court case.  While stating that the banks have rights that are reflected in the relevant mortgage instruments and that these are rights protected from modification by Section 1322(b)(2), it also stated that these were rights "bargained for by the mortgagor and the mortgagee".  It is the rare client who is about to sign a real estate lien note who doesn't ask, can I pay it off sooner?  Indeed, not allowing a Debtor to pay its note in a shorter time, when allowed in the mortgage documents, would be a violation of Section 1322(b)(2).

                Respectfully submitted,

                ROBERTO A. GUERRERO, P.C.
                2217 N. 23rd Street
                McAllen, Texas 78501
                Tel: (956) 631-1394
                Fax: (956) 618-5949

          By: */S/ Roberto A. Guerrero*
              Roberto A. Guerrero
              State Bar No. 08581450
              Attorney for Debtors

## CERTIFICATE OF SERVICE

This is to certify that on September 14, 2016, a true and correct copy of the above and foregoing document was served on all the following:

| Cindy Boudloche<br>Chapter 13 Trustee<br>555 N Carancahua, Ste 600<br>Corpus Christi, TX 78401-0823 | Mark Alan Twenhafel<br>Walker & Twenhafel, L.L.P.<br>P.O. Drawer 3766<br>McAllen, TX 78502-3766 |
|---|---|
| US Trustee<br>606 N Carancahua<br>Corpus Christi, TX 78401 | Jose Sierra, Sr.<br>Norma Alicia Gonzales<br>310 Apollo Drive<br>Donna, TX 78537 |

/S/ Roberto A. Guerrero
Roberto A. Guerrero

## REAL ESTATE LIEN NOTE

Date: March 28, 2007

Maker: Norma A. Gonzalez

Maker's Mailing Address (including County):
220 N. Alamo Rd.
Alamo, TX 78516
Hidalgo County, Texas

Payee: VILLA DONNA DEVELOPMENT CORP.

Place for Payment: (including county):

5711 N. 10th
McAllen, Texas 78504
Hidalgo County, Texas

Principal Amount: Fourteen Thousand and No/100ths Dollars ($14,000.00)

Annual Interest Rate on Unpaid Principal from Date: Seventeen Percent (17%)

Annual Interest Rate on Matured, Unpaid Amounts:   Maximum rate of nonusurious interest allowed by law.

Terms of Payment (principal and interest):

Principal and interest are payable in monthly installments of TWO HUNDRED FIFTEEN AND 46/100THS DOLLARS ($215.46) each, applied first to interest and balance to principal, with the first payment due on or before the 1st day of every month, beginning May 1, 2007, and continuing consecutively until April 1, 2022 when the entire unpaid balance of principal and interest shall become due and payable. Past due principal and interest shall bear interest shall bear interest at the maximum nonusurious rate allowed by law in the State of Texas.

Security for payment:

This note is secured by a vendor's lien and superior title retained in a deed of even date from Villa Donna Development to Maker and by a deed of trust of even date from Maker to Ronald A. Case, Trustee, both of which cover the following described property, to-wit:

Property Description (including any improvements)

Lot 19, Villa Donna, Unit No. 2, Hidalgo County, Texas, as per map or plat thereof recorded in Volume 27, Page 9, Map Records, Hidalgo County, Texas, reference to which is here made for all purposes.

Reservations from and Exceptions to Conveyance and Warranty:

EXHIBIT __1__
PAGE __1__ OF __2__

SAVE AND EXCEPT all Oil, Gas and other Minerals in, on, under or may be produced from the property.
SUBJECT TO OIL, Gas and Mineral Leases of record.
SUBJECT TO Easements of record.

Maker promises to pay to the order of Payee at the place for payment and according to the terms of payment the principal amount plus interest at the rates stated above. All unpaid amounts shall be due by the final scheduled payment date.

If Maker defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to it, and the default continues after Payee gives Maker notice of the default and the time within which it must be cured, as may be required by law or by written agreement, the Payee may declare the unpaid principal balance and earned interest on this note immediately due. Maker and each surety, endorser, and guarantor waive all demands for payment, presentations for payment, notices of intention to accelerate maturity, notices of acceleration of maturity, protests, and notices of protest, to the extent permitted by law.

If this note or any instrument securing or collateral to it is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, the Maker shall pay Payee all costs of collection and enforcement, including reasonable attorney's fees and court costs, in addition to other amounts due. Reasonable attorney's fees shall be 10% of all amounts due unless either party pleads otherwise.

Interest on the debt evidenced by this note shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

Each Maker is responsible for all obligations represented by this note.

When the context requires, singular nouns and pronouns include the plural

*Norma A. Gonzalez*
Norma A. Gonzalez

3-28-07.

EXHIBIT 1
PAGE 2 OF 2