## 1IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO.   15-70603-M-13 |
|    JOSE SIERRA SR. | § | |
|    NORMA A. GONZALES | § | |
| | § | |
|    DEBTOR(S) | § | CHAPTER 13 |

### TRUSTEE'S BRIEF IN SUPPORT OF PLAN CONFIRMATION

**COMES NOW**, CINDY BOUDLOCHE, Chapter 13 Trustee, and submits the following brief in support of confirmation of the Debtors' amended plan filed on June 28, 2016.

### QUESTION

In view of the anti-modification provisions of 11 U.S.C. §1322(b)(2), may the court confirm a plan which accelerates the final six years of payments on a home mortgage to payment in full under the five year plan when there are no objections to the plan by either the mortgage creditor or the Trustee?

### FACTS

1. The Debtors filed their Chapter 13 petition in bankruptcy on November 29, 2015 and a proposed plan on December 14, 2015 which provided, under paragraph 8 of the plan, for pro rata payment of the home mortgage in the amount of $11,000.00 with 5.5% interest over the life of the plan.

2. On February 16, 2016, the home mortgage creditor, Villa Donna Development Corporation, filed a proof of claim indicating its note had been accelerated and that the balance of the note was $14,220.65. In addition, said creditor noted on the claim addendum "Entire Claim to be Paid in Plan." Attachments to the proof of claim reflected that the original maturity date of the note was April 1, 2022, or 16 months beyond the completion date of the plan.

1

3. The Debtors amended their plan on March 7, 2016 to pay the mortgage in full during the plan with contract interest of 17% per the amounts stated in the proof of claim, and further amended to list the claim under paragraph 4 of the SDTX standard plan form which is the "cure and maintain" provision for residential home mortgages.

4. On March 17, 2016, the Debtors again amended the plan by returning treatment of the home mortgage claim under paragraph 8 of their plan to be paid in full on a pro rata basis.

5. Three more amended plans were filed on April 26, 2016, May 11, 2016 and June 4, 2016. Each of these plans treated the home mortgage claim in the same fashion as the March 17, 2016 plan.

6. Despite multiple opportunities to do so over seven months, Villa Donna Development Corporation did not object to treatment of its claim as a "pay all" mortgage.

7. On June 22, 2016, confirmation of the June 4, 2016 plan came on for hearing and the Trustee recommended confirmation of the plan. No objection to confirmation was filed and no one appeared in opposition at the hearing. The Court, however, expressed concern that the mortgage had not been treated correctly in the plan and indicated it would not approve payment of the 17% contract rate of interest on the mortgage claim being paid on a pro rata basis.

8. In response to the Court's comments, the Debtors filed their sixth amended plan on June 28, 2016, again proposing to pay the home mortgage claim in full but at the "Till rate" of interest of 5.5%. Villa Donna Development Corporation was again served with a copy of the amended plan but filed no objection to confirmation.

9. Per the mortgagee's proof of claim, monthly mortgage payments under the note are $215.46 and the pre-petition arrearage is $4,266.87. If paid according to §1322(b)(5) the amount required to cure and maintain payments over 60 months would be $17,194.47 and the Debtors would have sixteen additional months of payments beyond plan completion in order to pay the mortgage in full.

10. If paid per the proposed plan, the mortgage would be paid in full before 60 months at a reduced interest rate for total payments of $16,062.71, with no obligation to pay additional mortgage payments after plan completion.

11. On August 16, 2016, the court held a confirmation hearing on the latest amended plan. No one appeared in opposition and once again the Trustee, by her attorney, recommended confirmation of the plan. The court declined to confirm but offered the Debtors and the Trustee the opportunity to brief the question of whether a plan which proposed to pay the home mortgage in full on a pro rata basis could be confirmed when the home mortgage did not originally mature during the life of the plan.

## **RELEVANT LEGAL AUTHORITY**

11 U.S.C. §1322 and §1325 govern confirmation of the plan. Section 1322(a) describes mandatory plan requirements and §1322(b) describes permissive requirements. Specifically, §1322(b)(2) provides that a plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtors' principal residence…" §1322(b)(5) provides that "notwithstanding paragraph (2) of this subsection, (the plan may) provide for the curing of any default within a reasonable time and maintenance while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due". In addition, §1322(b)(11)

provides that a plan may "include any other appropriate provision not inconsistent with this title."

Section 1325(a)(5) mandates that the Court shall confirm the plan if "with respect to each allowed secured claim provided for by the plan – (A) the holder of such claim has accepted the plan; (B)(i) the plan provides that (I) the holder of such claim retain the lien securing such debt until the earlier of (aa)payment of the underlying debt determined under non bankruptcy law, or (bb) discharge under section 1328."

Failure to object at confirmation is deemed acceptance of the plan. *In re Chappell*, 984 F. 2d 775 (7th Cir. 1993); *In re Davis*, 411 B.R. 225 (Bkrtcy.D.Md. 2008); *In re Castleberry*, 437 B.R. 705 (Bkrtcy. M.D. Ga. 2010).

The focus of §1322(b)(2) is upon the "rights" of the creditor and not upon the creditor's claim. *Nobleman v. American Savings Bank*, 508 U.S. 324 (1993).

"The provisions of §1325(a)(5) are mandatory." *Shaw v. Aurgroup Fin. Credit Union*, 552 F.3d 447 (6th Cir. 2009).

"A creditor's acceptance of a Chapter 13 plan is one way to satisfy the requirements of §1325(a)(5) with respect to that creditor's allowed secured claim." *In re Jones*, 530 F. 3d 1284 (10th Cir. 2008).

"Unlike bad faith or infeasibility, a cram down is not a bar to confirmation if the affected creditor accepts such treatment." *In re Castleberry*, 437 B.R. 705 (Bkrtcy. Ga. 2010)

## **ARGUMENT**

In the case of *Castleberry*, the Court found that the cram down of a 910 claim did not prevent confirmation of a plan to which there was no timely objection and stated "…the Court may deem Ford Credit's silence as acceptance of the plan. Because the creditor's acceptance of

the plan satisfies §1325(a)(5), the Court did not commit any legal error by confirming the plan." In the case of *Chappell*, a home mortgage was treated in full under the plan even though it did not become due during the plan. The question in that case was regarding the payment of interest on the claim but in analyzing the issue, the court noted that Debtors may choose to pay debts in full or on a percentage basis during the life of the plan regardless of when the last payment on the debt is due.

It is apparent from the simple math stated in the above facts that the proposed treatment of the home mortgage under the plan enables the Debtors to pay a greater dividend to the unsecured creditors while providing the Debtors with a greater opportunity to a fresh start after plan completion. It is also clear that Villa Donna Development not only agreed by its silence, but by the notations on the proof of claim that it expected to be paid in full under the plan. Notwithstanding the protective provisions of §1325(b)(2) and (5), the creditor elected to waive its right to receive on-going payments in order to be paid in full during the plan.

Without question, the mortgage creditor has accepted the plan and therefore the mandatory provisions of §1325(a)(5) with respect to the home mortgage claim have been fulfilled and the plan qualifies for confirmation. The Trustee respectfully suggests that the provisions of §1322(b)(2) establish the rights of home mortgage creditors against modification but that nothing therein prohibits that same creditor from waiving its right to such treatment. Rather, the code mandates in §1325(a) that the plan "shall" be confirmed if the secured creditors have accepted the plan.

The Trustee can envision circumstances whereby acceleration of the mortgage note would be objectionable such as when such acceleration results in diversion of the Debtors' income during the plan to the early payment of a mortgage rather than to payment of unsecured

creditors. This is simply not the case here. The Debtors have proposed a plan that is not only in their best interests but those of the unsecured creditors and which has been accepted by the home mortgage creditor.

WHEREFORE, in view of the foregoing, the Trustee respectfully suggests that the Debtors' plan filed on June 28, 2016 meets the qualifications set out in §1325 and should be confirmed.

Respectfully submitted:

By: */s/ Mary V. Hower*
Mary V. Hower/ TX Bar No. 24035306
Kathryn R. Mills/ TX Bar No. 24067770
555 N. Carancahua, Ste. 600
Corpus Christi, TX 78401-0823
Office: 361-883-5786/Fax: 361-882-4973
ATTORNEYS FOR CHAPTER 13 TRUSTEE,
CINDY BOUDLOCHE

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing document was mailed this 15th day of September, 2016 by U.S. Mail or electronically to the following named persons:

**Debtor(s)**
Jose Sierra
Norma Gonzales
310 Apollo Drive
Donna, TX 78537

**Attorney for Debtor(s)**
Roberto Guerrero
2217 N. 23rd
McAllen, TX 78501

U.S. Trustee
606 N. Carancahua, Suite 1107
Corpus Christi, TX 78401

**Mortgage Creditor** Attorney
Mark A. Twenhafel
Walker & Twenhafel, LLP
P.O. Drawer 3766
McAllen, TX 78502-3766

**Mortgage Creditor**
Villa Donna Development
5711 N. 10th
McAllen, TX 78504

**2002 Parties Requesting Notice**
Howard Marc Spector
Spector & Johnson
12770 Coit Road, Ste 1100
Dallas, TX 75251

John T. Banks
Perdue, Brandon, Fielder, Collins & Mott
3301 Northland Drive, Ste 505
Austin, TX 78371

Marian Garza
Ascension Capital Group
P.O. Box 201347
Arlington, TX 76006

Diane W. Sanders
Linebarger Goggan Blair & Sampson
P.O. Box 17428
Austin, TX 78760-7428

Ramesh Singh
Recovery Management Systems
25 SE 2nd Avenue, Ste 1120
Miami, FL 33131-1605

/s/ *Mary V. Hower*_____
Mary V. Hower, Staff Attorney