IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISI0N

| | | |
|---|---|---|
| IN RE: | § | |
| JOSE ELIAS SIERRA, SR. | § | CASE NUMBER:   15-70603 |
| NORMA ALICIA GONZALES | § | |
| | § | CHAPTER 13 |
| | § | |

## **SUPPLEMENTAL MEMORANDUM OF LAW SECTION REGARDING § 1322 (b) (2)**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW JOSE ELIAS SIERRA, SR., and NORMA ALICIA GONZALES, hereinafter called Debtors, and file this Supplemental Memorandum of Law regarding § 1322 (b)(2) of the United States Bankruptcy Code and states the following:

1. On October 30, 2015, Villa Donna Development Corp. accelerated its promissory note which was in the original principal sum of $14,000.00. Debtors filed their Chapter 13 voluntary petition on November 29, 2015 to stop the foreclosure on an accelerated note. The creditor's claim is in the total amount of $14,220.65 and Debtors have filed a plan which would pay the entire mortgage claim prorata over the duration of their five year chapter 13 plan. The note matures on April 1, 2022 by its own terms. Debtors should complete their plan on November 29, 2020. Villa Donna Development Corporation, the mortgage lender, has not objected to the plan and should be receiving mortgage payments by now. Failure to confirm Debtor's plan is prejudice to Villa Donna Development Corporation's right to payment. Additionally, failure to pay Villa Donna Development Corporation could trigger a Motion to Lift Stay against the Debtors.

The terms of the promissory note are as follows:

Principal and interest are payable in monthly installments of TWO HUNDRED FIFTEEN AND 46/100THS DOLLARS ($215.46) EACH, applied first to interest and balance to principal, with the first payment due **on or before the 1st day of every month,** beginning May 1, 2007, and continuing consecutively until April 1, 2022 when the entire unpaid balance of principal and interest shall become due and payable.   Past due principal and interest shall bear interest at the maximum nonusurious rate allowed by law in the state of Texas.

The issue is whether the Debtors plan, which seeks to pay off the entire claim within the

five year plan, violates Section 1322(b)(2) which prohibits modification of claims secured solely by a debtor's principal residence.   It is Debtor's contention that it does not for the following reasons:

   a. The note was accelerated prepetition
   b. The Debtors propose to pay 100% of the note
   c. The documents contain "bargained for rights" that allow the Debtor to pay the note prior to the note's maturity
   d. The mortgage lender has not objected to Debtors' plan

. A copy of the note and of the Notice of foreclosure are attached hereto.

   2.   Section 1322(b)(2) prohibits modification of claims secured solely by a debtor's principal residence.   The rationale, as explained in numerous cases, is Congress' intent of encouraging the flow of capital into the home lending market by reducing the mortgagee's risk. *LittonLoan Servicing, LP v. Beamon,* N.D.N.Y. 2003, 298 B.R. 508. *In re DeMaggio*, Bkrtcy.D.N.H. 994,175 B.R. 144.   Most cases involve attempts by Debtors to either extend their payment terms or seek a declaration that Section 1322(b)(2) is not applicable to them. For example, the argument is sometimes made that the deed of trust secures more that the residence and is thus subject to modification.   Examples would be escrow accounts and fixtures on a house. These arguments have not been too successful.

   4.   It does not appear that there are any cases where the Debtor is prohibited from paying the entire claim and in a lesser time than the maturity date of the note.   Most cases hold that modification is acceptable when the note is accelerated prepetition or when the last payment of the note falls within the life of the plan, provided, the claim is paid within the life of the plan.   These are the facts with respect to the Debtors.   As stated in *In re Beulamae Smith*, "It is not an impermissible modification of the agreement (1) to allow the debtor to pay the creditor according to the original terms of the agreement even though the creditor accelerated payment the note pre-petition or (2) to allow the Debtor to pay the arrearage through the plan" *In re Beulamae Smith*, 125 B.R. 240(Bkrtcy.W.D.Mo.1991). The original

terms of the agreement allowed the Debtor to pay his note prior to the maturity date of the note. Allowing the Debtor to pay on an accelerated debt through the plan has been called de-acceleration by some courts but it is not a modification of the claim. "Where the court allows de-acceleration and reinstatement of the original obligation in those cases, no "modification" results. The same amount is due to the creditor both before and after the plan is in effect". *In re Spader* 66 B.R. 618, 621 (W.D.Mo. 1986). See *In re Grubbs* 730 F.2236 (5th Cir.1984). As further stated in *In re Spader,* " 'Modify' means to change the amount of the debt". *In re Spader* 66 B.R. 618, 621 (W.D.Mo. 1986). The Debtors do not seek to change the amount of the debt.

5. The court should not substitute its own judgment for the "bargained for rights" that are reflected for in the mortgage instruments. In *In re Dandridge*, a case in which there was a "call" provision on the note, the court stated "Upon dismissal, discharge or the entry of an order terminating the automatic stay with respect to PFC (the creditor), PFC will be free to exercise the call provision on its Note". *In re Dandridge,* 221 B.R. 41(Bkrtcy,W.D.Tenn.1998).

It is a draconian ruling with respect to the Debtors. However the "call" provision was, indeed, a part of the note. The point is that in *In re Dandridge* the court considered the Provisions of the note and what the note stated. The note contained a "call" provision and removing the provision by judicial action would indeed have been a modification prohibited by Section 1322(b)(2). Similarly, in the case at bar, the Debtors executed a note which gives them the right to pay the note in full prior to its maturity date. This is a right that was given to Debtors by the mortgaged instruments and more particularly the Note.

The landmark case regarding section 1322 (b)(2) is *Nobleman v. American Sav. Bank*, 508 U.S. 324, a Supreme Court case. While stating that the banks have rights that are reflected in the relevant mortgage instruments and that these are rights protected from modification by Section 1322(b)(2), it also stated that these were rights "bargained for by the mortgagor and the mortgagee". Similarly, as stated in *In re Fountain*, the antimodification

provision of Chapter 13 is also to "protect the rights which are bargained for between mortgagor and mortgagee, as reflected in relevant mortgage instruments enforceable under state law. *In re Fountain,* Bkrtcy.D.N.H.1996, 197 B.R. 748. The note signed by Debtors allowed them to pay the note "on or before" a certain date. Therefore these rights must be protected and must not be modified by the court. The Debtor should be allowed to pay his note prior to its maturity date as agreed to by the closing instruments. Indeed, not allowing a Debtor to pay its note in a shorter time, when allowed in the mortgage documents, would be a violation of Section 1322(b)(2).

6. Finally, Debtors agree with the Chapter 13 Trustee Brief Supporting Confirmation that "failure" to object to confirmation is deemed acceptance of the plan. Perhaps Villa Donna Development Corporation would prefer to be paid over a period of sixty (60) months rather than period seventy-six (76) months.

    Respectfully submitted,

    ROBERTO A. GUERRERO, P.C.
    2217 N. 23rd Street
    McAllen, Texas 78501
    Tel: (956) 631-1394
    Fax: (956) 618-5949


    By: /S/ Roberto A. Guerrero
        Roberto A. Guerrero
        State Bar No. 08581450
        Attorney for Debtors

## **CERTIFICATE OF SERVICE**

This is to certify that on October 6, 2016, a true and correct copy of the above and foregoing document was served on all the following:

| | |
|---|---|
| Cindy Boudloche<br>Chapter 13 Trustee<br>555 N Carancahua, Ste 600<br>Corpus Christi, TX 78401-0823 | Mark Alan Twenhafel<br>Walker & Twenhafel, L.L.P.<br>P.O. Drawer 3766<br>McAllen, TX 78502-3766 |
| US Trustee<br>606 N Carancahua<br>Corpus Christi, TX 78401 | Jose Sierra, Sr.<br>Norma Alicia Gonzales<br>310 Apollo Drive<br>Donna, TX 78537 |

/S/ Roberto A. Guerrero
Roberto A. Guerrero

## REAL ESTATE LIEN NOTE

Date: March 28, 2007

Maker: Norma A. Gonzalez

Maker's Mailing Address (including County):
220 N. Alamo Rd.
Alamo, TX 78516
Hidalgo County, Texas

Payee: VILLA DONNA DEVELOPMENT CORP.

Place for Payment: (including county):

5711 N. 10th
McAllen, Texas 78504
Hidalgo County, Texas

Principal Amount: Fourteen Thousand and No/100ths Dollars ($14,000.00)

Annual Interest Rate on Unpaid Principal from Date: Seventeen Percent (17%)

Annual Interest Rate on Matured, Unpaid Amounts: Maximum rate of nonusurious interest allowed by law.

Terms of Payment (principal and interest):

Principal and interest are payable in monthly installments of TWO HUNDRED FIFTEEN AND 46/100THS DOLLARS ($215.46) each, applied first to interest and balance to principal, with the first payment due on or before the 1st day of every month, beginning May 1, 2007, and continuing consecutively until April 1, 2022 when the entire unpaid balance of principal and interest shall become due and payable. Past due principal and interest shall bear interest shall bear interest at the maximum nonusurious rate allowed by law in the State of Texas.

Security for payment:

This note is secured by a vendor's lien and superior title retained in a deed of even date from Villa Donna Development to Maker and by a deed of trust of even date from Maker to Ronald A. Case, Trustee, both of which cover the following described property, to-wit:

Property Description (including any improvements)

**Lot 19, Villa Donna, Unit No. 2, Hidalgo County, Texas, as per map or plat thereof recorded in Volume 27, Page 9, Map Records, Hidalgo County, Texas, reference to which is here made for all purposes.**

Reservations from and Exceptions to Conveyance and Warranty:

EXHIBIT 1

PAGE 1 OF 2

SAVE AND EXCEPT all Oil, Gas and other Minerals in, on, under or may be produced from the property.
SUBJECT TO OIL, Gas and Mineral Leases of record.
SUBJECT TO Easements of record.

Maker promises to pay to the order of Payee at the place for payment and according to the terms of payment the principal amount plus interest at the rates stated above. All unpaid amounts shall be due by the final scheduled payment date.

If Maker defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to it, and the default continues after Payee gives Maker notice of the default and the time within which it must be cured, as may be required by law or by written agreement, the Payee may declare the unpaid principal balance and earned interest on this note immediately due. Maker and each surety, endorser, and guarantor waive all demands for payment, presentations for payment, notices of intention to accelerate maturity, notices of acceleration of maturity, protests, and notices of protest, to the extent permitted by law.

If this note or any instrument securing or collateral to it is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, the Maker shall pay Payee all costs of collection and enforcement, including reasonable attorney's fees and court costs, in addition to other amounts due. Reasonable attorney's fees shall be 10% of all amounts due unless either party pleads otherwise.

Interest on the debt evidenced by this note shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

Each Maker is responsible for all obligations represented by this note.

When the context requires, singular nouns and pronouns include the plural

*Norma A. Gonzalez* (signature)
Norma A. Gonzalez

3-28-07

EXHIBIT 1
PAGE 2 OF 2

## NOTICE OF SUBSTITUTE TRUSTEE'S SALE

Date: October 30, 2015

Deed of Trust

    Date: March 28, 2007

    Grantor: Norma A. Gonzalez

    Grantor's County: Hidalgo

    Beneficiary (or Holder): Villa Donna Development Corp.

    Trustee: William A. Schwarz

    Substitute Trustee: David Crook
          100 W. Savannah, Suite 380
          McAllen, Texas 78503-1253

    Recording Information: Document Number 1750263 in the Official Records, Hidalgo County, Texas

    Property: Lot 19, Villa Donna Unit No. 2, Hidalgo County, Texas, according to the map or plat thereof recorded in Volume 23, Page 134, Map Records of Hidalgo County, Texas.

Note

    Date: March 28, 2007

    Amount: $14,000.00

    Debtor: Norma A. Gonzalez

    Holder: Villa Donna Development Corp.

Date of Sale of Property: December 1, 2015

Earliest Time of Sale of Property: 10:00 A.M.

Place of Sale of Property: Under the covered space on the south side of the County Clerk Records Management Facility (previously known as Robert's Chevrolet building), with a physical address of 317 North Closner, Edinburg, Texas, the place specified for foreclosure sales by the Commissioner's Court of Hidalgo County, Texas, by Resolution recorded as Document Number 2461684, Official Records, Hidalgo County, Texas.

    Because of default in performance of the obligations of the deed of trust, Trustee will sell the property by public auction to the highest bidder at the place and date specified to satisfy the debt secured by the deed of trust. The full amount of bid is due in the form of a cashier's check payable to David Crook, Trustee, immediately upon the acceptance of the bid. The sale will begin at the earliest time stated above or within three hours after that time.

    **Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state, or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

*/s/ David Crook*

David Crook, Substitute Trustee

Correspondence
October 30, 2015
Page 2

The purpose of this letter is to collect a debt, and any information I obtain from you will be used for that purpose. If you do not dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt of this notice, I will assume the debt to be valid. If you notify me in writing within thirty (30) days after receipt of this notice that the debt, or any portion thereof, is disputed, I will obtain a verification of the debt and send a copy of such verification to you.

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state, or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

Thank you for your attention to this most important matter.

Very truly yours,

*David Crook*

David Crook

DC:kc
Enclosure

CC:   Addressee by Regular Mail
      Villa Donna Development Corp.